**Jian Wei XIE, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 04–0260–AG, A 77–340–660.

United States Court of Appeals, Second Circuit.

April 4, 2006.

Stephen Singer, Barst & Mukamal, LLP, New York, New York, for the Petitioner.

David P. York, United States Attorney for the Southern District of Alabama, Leigh L. Pipkin, Assistant United States Attorney, Mobile, Alabama, for the Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, and Hon. DAVID G. TRAGER,* District Judge.

---

\* The Hon. David G. Trager, United States District Judge, Eastern District of New York,

## SUMMARY ORDER

Jian Wei Xie, a native and citizen of the People's Republic of China, requests review of the December 17, 2003 decision of the Board of Immigration Appeals ("BIA") summarily affirming the July 10, 2002, decision of the Immigration Judge ("IJ") denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts, decisions and records below, and issues on appeal.

Xie left China on November 19, 2000, and arrived in the United States on February 2, 2001. Upon arrival, he was detained by the Immigration and Naturalization Service ("INS") and taken into custody. On February 21, 2001, while still in the custody of the INS, Xie gave a credible fear interview. On September 17, 2001, Xie filed an application for asylum and withholding of removal, claiming persecution based on his opposition to China's coercive population policies. After a hearing on July 10, 2002, at which Xie testified, the IJ denied Xie's application. The IJ found Xie not credible, and therefore held that the testimony and documentary evidence submitted failed to support a finding of past persecution or a well-founded fear of future persecution. The IJ also denied Xie's claim for CAT relief, finding nothing in the record to show that it is more likely than not that Xie would be tortured if returned to China.

Where the BIA adopts and summarily affirms a decision of an IJ, we review the decision of the IJ directly. See Secaida–Rosales v. INS, 331 F.3d 297, 305 (2d Cir.2003). We review an IJ's credibility determination under the "substantial evidence standard," see id. at 307, wherein "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8.U.S.C. § 1252(b)(4)(B).

As support for the IJ's adverse credibility finding, the IJ cited inconsistences between Xie's statements at the July 2002 hearing and his statements at his February 21, 2001 credible fear hearing. At the July 2002 hearing, Xie claimed that when his wife, who had remained in China, in hiding and pregnant with the couple's second child, was discovered by family planning officials in December 2000, she was forced to undergo an abortion, inserted with an IUD, and fined 30,000 RMB. However, Xie did not mention the abortion at his February 2001 credible fear hearing; indeed, he stated that his wife was eight months pregnant and expected to deliver next month. At the July 2002 hearing, Xie claimed that he did not mention the abortion at his credible fear hearing because he was not aware of it, having had no contact with his family since leaving China in November 2000. This statement conflicted with Xie's statement at his credible fear hearing that he had recently been in contact with his mother, who had warned him not to return to China, "because the family planning officials keep coming to see if they can find him." At the July 2002 hearing, Xie explained that he had been contacted by his uncle, resident in the United States, who had carried the message of warning from his mother, but had not informed Xie of the abortion.

According to a letter provided by Xie's wife, Xie's mother was present at the alleged abortion. The IJ found it implausible that Xie's mother would have communicated with Xie without passing on the fact of the abortion. The IJ found Xie's testimony regarding his contacts with his family while in custody, and regarding

sitting by designation.

when and how he learned of the alleged abortion and fine, to be generally inconsistent and evasive. The IJ found Xie's other evidence of the abortion, in the form of an unsworn statement by Xie's wife, and an abortion certificate that was not independently verified or authenticated, deserving of only "limited weight."

We conclude that the IJ's adverse credibility finding is supported by substantial evidence and that Xie failed to satisfy his burden of proving his entitlement to asylum. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam). A reasonable adjudicator would not be compelled to find Xie's testimony consistent or plausible. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004) ("Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." (internal quotation marks omitted)). Furthermore, we afford particular deference to an IJ's credibility findings that are grounded upon observation of the demeanor of witnesses. *See id.* at 73 (noting that a "fact-finder who assesses testimony together with witness demeanor is in the best position to discern ... whether inconsistent responses are the product of innocent error or intentional falsehood"). Finally, "[b]ecause [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Id.* at 71.

Substantial evidence also supports the IJ's finding that Xie failed to show that it is more likely than not he would be tortured if returned to China. Neither Xie's testimony nor his asylum application indicate the basis of Xie's CAT claim.

We have considered all of Xie's arguments and find them to be without merit. The petition for review of the BIA's decision is therefore DENIED.